**SECOND NAT. BANK & TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 6130.

Circuit Court of Appeals, Sixth Circuit.

March 14, 1933.

George G. Witter, of Los Angeles, Cal., and Theodore B. Benson, of Washington, D. C., for petitioners.

G. A. Youngquist, Sewall Key, J. Louis Monarch, and C. M. Charest, all of Washington, D. C., for respondent.

Before MOORMAN, HICKENLOOPER and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Walter S. Eddy died intestate August 4, 1918, and an estate tax was paid on his estate. An order of distribution was made on June 8, 1920, and Arthur D. Eddy, a brother, received by inheritance 4,687½ shares of stock. Arthur Eddy died testate April 22, 1925, and his executors claimed a deduction from his gross estate of the shares of stock received from the brother's estate. The Commissioner denied the claim on the ground that more than five years elapsed between the death of the two brothers, and determined a deficiency. Upon petition the Board of Tax Appeals affirmed. 23 B. T. A. 370. The case is brought to this court by petition to review.

The sole question is whether section 303 (a) (2) of the Revenue Act of 1924 (43 Stat. 305, 26 USCA § 1095 note) authorizes the deduction of the value of property acquired by inheritance from a prior decedent in a case where the interval between the two deaths was more than five years but the distribution to the second decedent occurred within five years prior to his death. This section of the statute provides:

"Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate— * * *

"(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax or an estate tax under this chapter or any prior Act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be. * * *"

Except for clause (B) of this act, it is substantially identical with section 403 (a) (2) of the Revenue Act of 1921 (42 Stat. 279).

In order to alleviate the hardship of successive taxes within a short time upon the same property, Congress provided in the act of 1921 for deductions from the gross estate of a decedent of property received from a prior decedent where the death of the second decedent occurred within five years of the death of the first. At that time gifts made in contemplation of death were taxable, and within the limitation stated this provision allowed deductions for gifts of that character as well as those received by bequest, devise, or inheritance. Under that act and prior acts gifts inter vivos, not made in contemplation of death, were not taxable. The act of 1924, however, laid a tax upon such gifts and provided for an additional deduction as set forth in clause (B). The purpose in allowing this deduction was the same as in the earlier act. The deductions allowed under the act of 1921 covered only property, including gifts in contemplation of death, passing from the dead to the living, and by the terms of the act the two deaths had to occur within five years. The act of 1924 did not change in any way what was already covered by the act of 1921, but added a new and distinct provision relating to gifts inter vivos which had not theretofore been subject to a tax, leaving in effect and re-enacting the earlier provision allowing deductions for property passing by gift in contemplation of death, bequest, devise, or inheritance where the second decedent's death occurred within five years of the first. The property here in question was received by inheritance, not by gift inter vivos, and falls within clause (A) of the statute, which allows the deduction only where the death of the prior decedent occurred within five years of the death of the decedent whose estate is subject to the tax.

The order of the Board of Tax Appeals is affirmed.